IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENDSHON MCGHEE,<br>  #05127510,<br>    Movant,<br><br>v.<br><br>DEBERY MOONEYHAM,<br>    Respondent. | §<br>§<br>§<br>§  No. 3:24-CV-1618-M<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the petitioner's application for federal habeas relief under 28 U.S.C. § 2241 is **dismissed without prejudice.**

### I.   BACKGROUND

On May 24, 2022, the Government filed a superseding indictment in this District and Division charging Brendshon McGhee (McGhee) with one count of conspiring to possess with intent to distribute a controlled substance and one count of possession with intent to distribute a controlled substance and aiding and abetting. *See United States v. Brendshon McGhee*, 22-cr-0145-M-14; Crim. Doc. 35. McGhee's criminal trial is set for March 24, 2025. *See* Crim. Doc. 706.

On June 27, 2024, McGhee, while incarcerated awaiting his criminal trial, filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking the dismissal of the superseding indictment. Civ. Doc. 3 at 7. The Court understands him to raise the following grounds for relief in the habeas petition, all of which stem from his ongoing federal criminal proceedings:

(1) Dallas Police Department officers illegally pulled him over and illegally searched his vehicle, leading to evidence against him in the criminal case;

(2) He is being "targeted for selective prosecution" on racial grounds;

(3) The drugs underlying his federal criminal charges are "fake," and he was indicted before the "fake drugs" were tested;

(4) Evidence against him is "being fabricated"; and

(5) His court-appointed attorney in the criminal case refused to file pretrial motions, including a motion for discovery or dismissal of the indictment and a motion to suppress.

Civ. Doc. 3 at 9-10.

After McGhee filed the instant habeas application, the Court granted his court-appointed attorney's motion to withdraw in the criminal case and appointed a new attorney. *See* Crim. Docs. 641, 647.

Upon review, the Court concludes that it lacks subject matter jurisdiction over McGhee's petition. Even assuming jurisdiction, McGhee's claim concerning his prior, since-withdrawn court-appointed attorney is moot, and he should be required to exhaust the remainder of his claims in his ongoing criminal case. Therefore, the Court will dismiss this habeas petition.

## II.   ANALYSIS

### A. The Court lacks jurisdiction.

To entertain a habeas corpus petition under § 2241, the Court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (holding the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). A § 2241 habeas action "must be filed in the same district where the [petitioner] is incarcerated." *Pack v. Yusoff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). McGhee is currently incarcerated in the CoreCivic Cimarron Correctional Facility in Cushing, Oklahoma. He filed this action while incarcerated in the Limestone County Detention Center, which lies within the boundaries of the

2

Western District of Texas, Waco Division. 28 U.S.C. § 124(d)(2); Civ. Doc. 3 at 1. Therefore, the Court lacks jurisdiction over his habeas corpus petition. *Lee*, 244 F.3d at 374-75.

> **B. McGhee's claim concerning his prior attorney is moot, and he must exhaust his remaining claims in his pending criminal proceedings**.

Even assuming jurisdiction, the petition should be dismissed. A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also Laster v. United States*, 3:21-CV-2444-B-BK, 2021 WL 5336986, at *1 (N.D. Tex. Oct. 21, 2021), *rec. accepted* 2021 WL 5331002 (N.D. Tex. Nov. 16, 2021).

"Pretrial habeas relief is available to a federal pretrial detainee only 'in rare and exceptional cases.'" *Laster*, 2021 WL 5336986, at *1 (citing *Johnson v. Hoy*, 227 U.S. 245, 247 (1913)). It is well established that courts "should withhold relief…where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) (citations omitted). Likewise, the United States Court of Appeals for the Fifth Circuit has adopted "'the settled principle that a writ of habeas corpus may not be used…as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, at *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert*, 251 F.2d 59 (5th Cir. 1957)).

In *Bowler*, for example, two federal pretrial detainees filed a habeas application under § 2241, arguing that the district court should dismiss the indictment in the criminal case for lack of subject matter jurisdiction. *Id.* at *1. They had previously moved to dismiss the indictment in the criminal case, but the court denied the motion. The Fifth Circuit found that there were no extraordinary circumstances warranting a pretrial writ of habeas corpus because the jurisdictional issue could be litigated in the criminal case, and there was no "exigency, urgency, or any other

3

reason," for the court to allow the habeas petition as a substitute for direct appeal. *Id.* at *2. The Fifth Circuit determined that the merits of the detainees' arguments should be presented and reached "'in the orderly administration of justice.'" *Id.* (citing *Saegert*, 251 F.2d at 61).

Here, McGhee's claim about his prior court-appointed attorney's failure to file motions is moot, as that attorney subsequently withdrew from McGhee's representation, and the Court appointed another attorney. *See* Crim. Docs. 641, 647.

As for McGhee's remaining claims, all these claims, which are essentially challenges to the indictment and the evidence in the criminal case, can be pursued in the criminal case, where McGhee is represented by appointed counsel. McGhee must fully exhaust the remedies available to him in his pending criminal case before seeking habeas relief, and, because he has not done so, the petition will be dismissed. *See*, *e.g.*, *Bailey v. Cruz*, No. 3:11-CV-1712-K (N.D. Tex. Aug. 3, 2011) (dismissing a § 2241 petition filed by a federal pretrial detainee for failing to exhaust his remedies with respect to his speedy trial and conspiracy claims); *Jallah v. Rivers*, 2022 WL 18396031, at *2 (N.D. Tex. Dec. 1, 2022), *rec. accepted* 2023 WL 322545 (N.D. Tex. Jan. 19, 2023) ("Here, Petitioner has not challenged his indictment in the underlying criminal case, where he is represented by appointed counsel, and § 2241 does not provide him an avenue to preempt the ongoing criminal proceedings."); *see also In re Williams*, 306 F. App'x 818 (4th Cir. 2009) (dismissing § 2241 petition and noting that claims of illegal arrest, unlawful detention, and violation of speedy trial rights could be raised in the pending criminal case); *Horning v. Seifart*, 107 F.3d 11 (6th Cir. 1997) (finding that § 2241 cannot be invoked to raise defenses to a pending federal criminal prosecution).

### III.    CONCLUSION

Petitioner Brendshon McGhee's habeas petition under 28 U.S.C. § 2241 is **dismissed without prejudice** for lack of jurisdiction. Even assuming jurisdiction, McGhee's petition is **dismissed without prejudice** as partially moot and for the failure to exhaust available remedies in his pending criminal case.

**SO ORDERED** on this 28th day of January, 2025.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE